Good morning, your honors. May it please this honorable court. We are asking the court to preserve the status quo and stay enforcement of the judgment pending the appeal. Unrestrained judgment enforcement threatens to shut down appellant's law practice. A bank levy could disrupt client relationships, could interfere with payroll, and there's no way to put the genie back in that bottle if those things happen. The law firm has negligible assets. Appellants are actually more likely to recover on any judgment if the appellants can't operate their law firm pending resolution of the appeal. Is there any information in the record about the cost of a bond? I don't believe there's anything that typical cost is about 110 percent of the judgment. Are you talking about 620? In order to get an insurance company to post a bond on your behalf, you have to pay more than you would if you posted the amount of the judgment in court yourself? I believe the evidence in the record is they contacted the bond company and they were looking for yes, they were looking for more than the amount of the bond, yes. I just have one other question, if you'll permit me. How does China AI factor into this? They're not moving as you are for any kind of stay. Have they posted a bond? Is the assumption of all parties that they're just not going to pay and they're just not really in this even though they filed a notice of appeal? Where did they come in? Because they're jointly and severally liable. Correct. They are jointly and severally liable. I can't speak to their intentions or not to pay. Certainly, my clients are going to pay any judgment. They're liable and they take that responsibility very seriously. They just can't obtain a bond and they're asking for a stay. When we think about staying a money judgment, the national accounting factors are designed to avoid transaction costs and putting together the money judgment, but they're not really designed to ease the burden on the losing party of having to pay it, right? So if you're saying you're at risk of not being able to pay, doesn't that suggest we should not stay the money judgment because the point of the factors is to ensure that it will ultimately be paid? Yes, Your Honor. Under the Nassau County test, I mean, the appellees, Nassau County certainly prioritizes the appellees getting paid, but the appellees are actually more likely to get paid if the appellants can continue to operate their law practice. Well, they don't seem to think so, but you're sort of saying they're better off if we stay the judgment? That's your argument? Well, if their sole goal is to get paid on the judgment, I submit it probably isn't their sole goal, but if the point is judgment enforcement and their goal is to get paid on the judgment, they're absolutely better off. So they might be able to make some money in the interim that might help you pay the judgment. That's why they're more likely to get paid? Yes, and Your Honor, the best evidence of that is my clients paid them almost a half a million dollars last year in connection with, because of law firm revenue, they were able to make a payment of almost a half a million dollars last year. So it's not just our say-so. There is a track record of there being payments coming out of law firm revenue. And the Nassau County factors are non-exclusive, so the Court can look at traditional factors such as irreparable harm, such as probability of success, and I respectfully submit that this appeal is likely to succeed. The 11B, three findings of false allegations in paragraphs 64 and 85 of the complaint were based on an erroneous reading of interrelated transaction documents, Chinese stock ownership records, and an underlying arbitration award. Both support, both the allegations in both of those paragraphs, which is that, you know, essentially link motion, essentially controlled stock at the time that the underlying complaint was filed. Also DLA Piper, there are sufficient allegations of negligence because it appeared in the underlying lawsuit, made a notice of appearance, or essentially appeared, and they were on counsel of record for 11 weeks. And during that time, they couldn't get any communication with the ostensible client. They didn't get paid, and they didn't get any instructions, and they weren't told what the client's position was, and they had to withdraw. On January 21st of 2019, there was a critical back-and-forth between the attorney and the client. And the way the attorney left it is, we'll see what we can do. And after that, the law firm entered into an unauthorized stipulation, which essentially said, we don't oppose the appointment of a corporate receiver. That all happened on January 21st. The law firm only obtained the client's permission to withdraw two weeks after that, and only actually filed the motion to withdraw four weeks after they got permission to withdraw. So in our view, the negligence happened during a time when the law firm still had an appearance in the case and had not obtained the client's permission to withdraw. All right. Thank you, Mr. Abrams. Am I out of time? Okay. Thank you. All right. We'll hear from Ms. Hart. Good morning, Your Honors. If it pleases the Court, my name is Nancy Hart, with Gibson, Dunn & Crutcher, on behalf of DLA Piper and Ms. Sheffrin. The starting point here is Rule 62B. The purpose of it is to protect the prevailing party in the event of appeal, and they're not able to satisfy the judgment. This Court in Nassau County very clearly rejected the application of the traditional stay and instead set out the five factors, all of which would suggest are determinative against a waiver here. You look at their papers, unfortunately do not even address the Nassau factors, but they go to confidence and ability of funds, the ability to pay is so plain. What about his argument that you're more likely to get paid if they're able to stay in business? Should that be considered or not? It shouldn't. In fact, the court addressed this issue, the district court addressed this issue in the John Wiley case, indicating the impairment of a law firm's ability to pay or the inability to pay should not be a factor, because the idea is whose risk is it, right? This is putting the risk and the burden on DLA. In the record, as Your Honor indicated, there was one phone call. All that's in there is that there was one phone call to one bond agency. There is no suggestion that there was an attempt to negotiate terms, an offer to post bond, such as an income stream. There was no effort to attain a letter of credit, contact another agency. Instead, their alternative is that DLA go essentially go into business with them on their contingency fee and hope that they, that it pays out, but that is not security. That is not the alternative security that the Second Circuit considered under Nassau, where that is speculative and puts the entire burden on DLA to obtain that, to take on that risk. Their traditional state... So you don't agree that you're better off if they get a stay? We could be enforcing the stay. We could be enforcing this right now, right? There's no automatic stay, and we have not taken any steps at this point. But again, that should be, I think, DLA's choice and not something that they get waived as a requirement. What is the place of China AI in this? Is it impossible to get any money out of them? China AI is a BVI company that appears to have a single shareholder and director who is based in China. Okay. And I understand the thrust of Nassau County, but those factors are not exclusive. And I'm just puzzled. Suppose we were persuaded that the amount of the sanction was in excess of what is required for deterrence, that destroying the law firm is more than necessary. Any law firm contemplating such behavior in the future could be deterred by a substantial but not ruinous fee. Suppose we were persuaded. I'm not suggesting we are. But suppose we were, and simultaneously were persuaded that going forward would create irreparable injury. That's just irrelevant? That's just not anything that we should even consider in the case? Your Honors, the district court in the Gardner v. Alfred case addressed this very similar argument, again, where it was the sanctions that had been imposed on a law firm. And the law firm similarly made arguments, this will put us under, we can't do it. And the district court there said, it is not the fact that it could impair your business. That's what the district court said. Of course. That doesn't bind us. Of course. We haven't said, as far as I know, that those factors are exclusive and that there is simply no role under any circumstances, even if we thought that it was a virtual certainty that this would be reversed and that in the meantime the law firm would be destroyed. We just have to ignore that. Your Honor, the Nassau factors are non-exclusive. And it is, you have wide discretion. I would point out that for Rule 11 here, the district court, both the magistrate judge and then Judge Marrero, found the conduct and the claims to be so frivolous that they imposed these fees. And they did reduce the requested fees. The court, again, not controlling, but the Gardner v. Alfred court indicated that in order, the relaxing of bond requirements in this context would impede and diminish the deterrent effect because they would consider that they could continue on pursuing frivolous appeals. So the Nassau County factors are non-exclusive, but usually when we say factors are non-exclusive, it means you can take into account other considerations that go to the same idea or show the same, you know, that support the same conclusion. If the thrust of the Nassau County factors is to make sure that there is security, that the prevailing party will ultimately prevail. And we're just worried about, you know, transaction costs or something if the losing party might win on appeal. The idea that Judge Lynch mentioned is a different kind of consideration. It's that we think that the penalty was excessive and maybe is likely to be overturned on appeal. That's not about providing security. It's about whether the judgment will ultimately need to be paid. So what do you think about that? Is there a role for considering those? I mean, it seems like we should be able to consider that, but it is not part of the Nassau County analysis. So what is, how does that factor into how we should think about a motion for a stay of money judgment? Well, again, I think the principle should always go back to what is the purpose of Rule 62, right? Which is to provide security to the prevailing party. And regardless of whether or not, I think it is, I think the factors set out in Nassau are meant to go to that purpose, which is why the court, in fact, looked at the traditional stay and said it's not applicable. I think I'm agreeing with you that that is what the, the principle to which the analysis is directed. But does that mean we just don't consider at all the likelihood of success or the excessiveness of the penalty? I think it goes to, I think, again, these are non-exclusive factors. Your Honors can look at and consider whatever you think appropriate. But I think the thrust needs to be, is it meeting, the traditional factors were rejected in Nassau because they did not, it was a round hole and a square peg. Right? They did not meet the idea of are you giving security to the prevailing party? And the idea of likelihood of success on the merits here is, I think, respectfully, very unlikely. I will say the First Department, every court who has looked at these allegations has found them to be frivolous and meritless and sanctionable. In fact, the First Department. But you would treat it as hypothetical. Like, so just in principle, if we thought that the penalty was excessive and that the losing party had a likelihood of success on appeal, it just doesn't seem like there's room for that. But it seems like maybe it should be relevant. Again, the idea of this, there is, the idea of the bond or an alternative security, I think, provides some room there. Right? Because it's not saying you need to pay the entire judgment right now. It's, you put up a bond in order to, it protects not only the prevailing party, but it also protects the losing party in the event that a... But ultimately, you can see that if we thought the appeal had a high likelihood of success, we could consider that among all the factors, including the Nassau County factors. Correct? I think Your Honors can consider that in your judgment. All right. Thank you. We'll reserve the decision. We appreciate you both coming in. Have a good day. Thank you.